Dear Secretary-Treasurer Laverty
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What process, if any, is due before an optometrist's license[1] is revoked or non-renewed for failure to pay the required renewal fee by June 30 of a given year? Until what point in time or in any process may an optometrist who has not paid the renewal fee by June 30 lawfully continue to practice optometry?
 2. What process, if any, is due before an optometrist's license is non-renewed for failure to attend and report proper continuing education by June 30 of a given year? Until what point in time or in any process may an optometrist who has not attended or reported proper continuing education by June 30 lawfully continue to practice optometry?
 3. Under circumstances in which the Tax Commission becomes involved for an optometrist's failure to comply with the tax laws, what process, if any, is due before an optometrist's license is revoked or non-renewed after June 30 of a given year? Is the license suspended or revoked by operation of law upon completion of its existing term? Until what point in time or in any process may an optometrist for whom the Tax Commission has reported non-compliance practice optometry after June 30 of the last year in which he or she possessed a valid license?
¶ 1 Your questions involve situations in which an optometrist's certificate to practice may be revoked or not renewed under the Oklahoma optometry practice act, ("Act"), 59 O.S. 2001, §§ 581-598[59-581-598],[2] by the profession's governing body, the Board of Examiners in Optometry ("Board"). To revoke or not renew a professional license is a serious action for a regulatory board to take. "Where it is necessary to procure a license in order to carry on a chosen profession or business, the power to revoke a license, once granted, and thus destroy in a measure the means of livelihood, is penal and therefore should be strictly construed."State ex rel. Okla. State Bd. of Embalmers Funeral Dir. v.Guardian Funeral Home, 429 P.2d 732, 736 (Okla. 1967) (quotingMoore v. Vincent, 50 P.2d 388, 389 (Okla. 1935)).
¶ 2 You ask what procedures are required in three specific situations. We conclude that in each of the situations you raise, Oklahoma law requires notice to the affected optometrist, an opportunity for the optometrist to show compliance with the requirements for retaining a certificate, and a final order issued by the Board before an optometrist loses his or her certificate and the ability to practice the profession.
¶ 3 Two provisions, Board rule OAC 505:10-7-1, and a section of the Administrative Procedures Act, ("APA"), 75 O.S. 2001, § 314[75-314](C)(1), cover Board actions which can affect an optometrist's certificate: revocation, suspension, annulment, withdrawal or refusal to renew. Board rule OAC 505:10-7-1 reads as follows:
 In accordance with statute, no optometrist's license will be revoked, suspended, annulled, withdrawn or its renewal refused until the licensee is notified by certified mail or by other means of notification as specified in individual proceedings of the facts which warrant the intended action by the Board, and the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license.
Id. (emphasis added). When this rule begins with "In accordance with statute," it does not refer to any statute within the Act; rather, it appears to refer to, and substantially incorporates, the language of Section 314(C)(1) of the APA, which provides as follows:
 Unless otherwise provided by law, an existing license shall not be revoked, suspended, annulled, withdrawn or nonrenewed unless, prior to the institution of such final agency order, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance
with all lawful requirements for the retention or renewal of the license.
Id. (emphasis added). If no more specific provisions exist in the Act for a particular action against an optometrist's certificate, these two provisions will apply.
 I. Procedures Required Before Revoking Certificate For Failure To Pay Annual Fee
¶ 4 Your first question concerns revocation of an optometrist's certificate for failure to pay the annual fee. Specific provisions of the Act, besides the Board rule and APA section cited above, apply when the contemplated Board action is revocation. Read together, 59 O.S. 2001, §§ 585[59-585] and 587 of the Act answer your first question. The relevant portion of Section 587 reads as follows:
 [A] yearly license fee set by the Board of Examiners in Optometry rule, not to be less than Sixty-five Dollars ($65.00) and not to exceed Two Hundred Dollars ($200.00) shall be paid each fiscal year by all persons holding a license to practice optometry in this state, and shall be paid not later than the 30th day of June of each year. In the event of default of payment of such license fee by any person, his or her certificate shall be revoked by the Board of Examiners who shall take such action only after notifying the person in default by registered mail[3] and allowing him or her fifteen (15) days in which to comply with this requirement.
Id. (footnote added) (emphasis added). This statute essentially grants an optometrist an additional 15-day grace period beyond the June 30 deadline in which to pay the annual fee.
¶ 5 If an optometrist fails to pay the fee within the 15-day period, his or her certificate is not automatically revoked. Title 59, Section 585(A)(5) requires the Board to provide the optometrist notice[4] and a hearing before revocation, as follows: "Before any certificate is revoked or suspended, theholder thereof shall be provided with notice and hearing asprovided for in the Administrative Procedures Act, Sections 301 through 326 of Title 75 of the Oklahoma Statutes." Id.
(emphasis added).
¶ 6 The APA hearing would appear to be merely pro forma, as Section 587 mandates revocation ("his or her certificate shallbe revoked") and fails to provide the Board with discretion to waive or reduce the fee in case of hardship or other circumstance. Id. (emphasis added). An optometrist may lawfully continue to practice until completion of the notification and hearing processes prescribed in Sections 587 and 585, after which the Board must issue a written final order revoking the certificate. 75 O.S. 2001, § 312[75-312](A). Under the APA, after receiving the final order the optometrist may request a rehearing before the Board (id. § 317(A)) and/or appeal to the district court (id. § 318(A)(1)). The optometrist's certificate expires on the last day for seeking judicial review of the final agency order, unless the reviewing court issues a stay. Id. § 314(B) ("In case the application for renewal . . . is denied . . ., the existing license does not expire until the last day for seeking review of the final agency order or a later date fixed by order of the reviewing court."); id. § 319(A)(1). Without a stay, once the optometrist's certificate expires, he or she must cease practice.
 II. Procedures Required Before Non-renewal Of Certificate For Failure To Attend And Report Continuing Education
¶ 7 You next ask what process is due an optometrist whose certificate is subject to non-renewal for failure to comply with continuing education requirements. The relevant statute, 59 O.S. 2001, § 604[59-604], reads as follows:
 Every person holding a license to practice optometry in this state shall be required to present to the Board of Examiners in Optometry, not later than the thirtieth day of June of each year, satisfactory evidence that during the preceding twelve (12) months said person attended not less than two (2) days of a total of at least twelve (12) hours of educational or postgraduate programs approved by said Board, or that said person was prevented, because of sickness or any other reason acceptable to the Board, from attending said educational or postgraduate program.
 The filing of proof of attendance at educational programs or clinics shall be a condition precedent to the issuance of a renewal license. The Board may reinstate the license of said licensee to practice optometry upon presentation of satisfactory proof of postgraduate study of a standard approved by said examiners and payment of all fees due including a late reinstatement fee not to exceed three times the annual renewal fee.
Id. (emphasis added). Your question seems to presume that the optometrist in question has paid the annual fee, but has not provided proof of continuing education. Proof of qualifying continuing education is a condition precedent to renewing an optometrist's certificate. Id. No statutory provision in the Act dictates what procedures are due an optometrist in this situation, and you ask whether the certificate merely expires by operation of law, without action required by the Board.
¶ 8 The procedures required when the Board refuses to renew a certificate are found in the Board rule cited earlier, OAC505:10-7-1, and Section 314(C)(1) of the APA; the Board may not refuse to renew a certificate until the optometrist is "notified by certified mail . . . and the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license." OAC 505:10-7-1.
¶ 9 Thus, the optometrist's certificate does not expire by operation of law, without Board action. Both the Board rule and the APA provide for notice, an opportunity to show compliance with the requirements for retaining a certificate, and a final order before the Board may refuse to renew an optometrist's certificate for failure to attend and report continuing education. As in the case of revocation for non-payment of the annual fee, following the opportunity for showing compliance the optometrist whose certificate is not renewed for failure to meet the continuing education requirements may request rehearing and/or petition for judicial review. Id. § 318(A)(1). The optometrist may continue to practice until his or her certificate expires, which occurs on the last day for seeking judicial review of the final agency order, unless the reviewing court issues a stay. Id. § 314(B).
¶ 10 Moreover, unlike Section 587, which requires revocation for failure to pay the annual fee, Section 604 contains a hardship provision giving the Board discretion to waive or modify the continuing education requirements "because of sickness or any other reason acceptable to the Board." Id. An optometrist therefore has an opportunity to provide the Board with a reason for noncompliance with the continuing education requirements which may justify provisional renewal of the certificate. If the certificate expired by operation of law, without an opportunity to show either compliance with the retention requirements, or an acceptable reason for not doing so, an optometrist could not take advantage of this provision.
 III. Procedures Required Before Non-Renewal Of Certificate For Failure To Comply with State Tax Laws
¶ 11 Finally, you ask what procedures are required when the Oklahoma Tax Commission has notified the Board that an optometrist is not in compliance with state income tax laws. The Legislature has recently authorized the Tax Commission to require licensing entities, like the Board, to not renew certain licenses. The relevant statute reads in pertinent part as follows:
 A. It is the intent of the Legislature that the provisions of this section operate to provide for the collection of income taxes due to the State of Oklahoma by persons holding state licenses. . . . It is the further intent of the Legislature that the Oklahoma Tax Commission allow at least six (6) months notice to licensees pursuant to the provisions of subsection C of this section prior to notification of noncompliance to a licensing entity.
 B. Each licensing entity shall, on a date that allows the Tax Commission to comply with the notice provisions of subsection A of this section, provide to the Tax Commission a list of all its licensees. . . .
. . . .
 E. If the Tax Commission notifies a licensee who is not in compliance with the income tax laws of this state . . . and such licensee does not respond to such notification or fails to come into compliance[5] . . ., the Tax Commission . . . shall so notify the licensing entity, which shall not renew the licensee's license at such time as it is subject to renewal and shall notify the applicant of the reason for nonrenewal.
68 O.S. 2001, § 238.1[68-238.1] (footnote added) (emphasis added). The tax code does not specify what procedures licensing entities must follow when the Tax Commission determines a licensee is not in compliance with the tax laws. However, since the penalty for noncompliance is non-renewal of the license, the Board should follow the procedures for cases of non-renewal mandated by OAC505:10-7-1 and 75 O.S. 2001, § 314[75-314](C)(1): notice, an opportunity to show compliance for retaining the certificate, and a final order.[6] As in the case of failure to comply with continuing education requirements, an optometrist may ask for rehearing and/or appeal to the district court, and similarly may continue to practice until the time to appeal has run, at which time the certificate will expire. 75 O.S. 2001, §§ 314[75-314](B), 318(A)(1).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Oklahoma law requires procedures in the form of notice, an opportunity to show compliance with the requirements for retaining a certificate, and a final order before an optometrist loses the ability to practice the profession for any of the following reasons:
 1. Revocation of his/her certificate for failure to pay the annual fee, pursuant to 59 O.S. 2001, §§ 585(A), 587;
 2. Non-renewal of his/her certificate for failure to attend and report continuing education, pursuant to
59 O.S. 2001, § 604; and
 3. Non-renewal of his/her certificate for failure to comply with state income tax laws, pursuant to 68 O.S. 2001, § 238.1[68-238.1].
 In each of the above situations, the optometrist may continue to practice until his or her certificate expires, which occurs on the last day for seeking judicial review of the final agency order (absent a court-ordered stay of enforcement). 75 O.S. 2001, §§ 314(B), 318(A)(1).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General
[1] The optometry practice act uses both the terms "certificate" and "license" without distinguishing between them. For purposes of this Opinion, the two are synonymous.
[2] The Legislature amended the Act in 2004, but the amendments are not germane here. See 2004 Okla. Sess. Law Serv. ch. 171, § 2.
[3] Although Section 587 specifies delivery by registered mail, the Board's rules refer to notice by certified mail. See OAC505:10-7-1. The Oklahoma Legislature has declared that the two are equivalent. 25 O.S. 2001, § 221[25-221].
[4] Notice must be individualized, not merely directed to license holders at large. This office has previously concluded that a board did not provide sufficient notice when it sent out, with its annual renewal notice to all licensees, a general notice setting forth the date, time and place for a hearing which would be held for all licensees who failed to renew their licenses. A.G. Opin. 80-265, 446.
[5] This Opinion does not address what procedures the Tax Commission must follow in finding a licensee is not in compliance with the state income tax laws.
[6] As in cases of revocation for failure to pay the annual fee, neither the tax code nor the Act gives the Board the authority to waive or reduce the tax compliance requirements.